HOME FIRE INSURANCE CO., Appellant, *v.* STEPHEN H. LYNCH, TREASURER OF SALT LAKE COUNTY AND COLLECTOR OF TAXES, Respondent.

Taxation—Valuation by Assessor—Premium Notes of Insurance Company—How Valued. Valuation for Assessment—Statutory Method of Correction. Deduction of Debts from Credits—Sec. 2518, R. S. 1898. Action to Recover Taxes Paid—Facts Affecting Intrinsic Value of Assets—Not Considered.

1. *Taxation—Valuation by Assessor—Premium Notes of Insurance Company—How Valued.*

Property of an insurance company, consisting of notes and accounts of its policy holders representing portions of unearned premiums, although apt to be defeated upon the happening of a contingency, not being exempt from taxation under the constitution, must be assessed at their full value, and in the absence of fraud or bad faith on the part of the assessor, his judgment of value is conclusive unless modified by the board of equalization.

2. *Valuation for Assessment—Statutory Method of Correction.*

The legislature, under constitutional authority, having provided for assessment and valuation for taxation, and a mode of correcting over-valuation by the assessor, such mode of correction is exclusive and not subject to review by the courts.

3. *Deduction of Debts from Credits—Sec. 2518, R. S. 1898.*

Under Sec. 2518, R. S. 1898, an insurance company is not entitled to deduct from its credits, debts for fire losses or policy cancellations which may thereafter occur, and which as matter of fact do occur before taxes become delinquent.

4. *Action to Recover Taxes Paid—Facts Affecting Intrinsic Value of Assets—Not Considered.*

A possible contingency which may defeat notes and accounts may be taken into consideration in the assessment as affecting their intrinsic or marketable value, but if not considered by either the assessor or board of equalization, this court, in an action to recover the taxes paid, is powerless to grant relief.

(Decided March 30, 1899.)

Appeal from the Third District Court, Salt Lake County, Hon. A. N. Cherry, *Judge*

Action by the Home Fire Insurance Company against the treasurer and collector of Salt Lake County, to recover the amount of certain taxes levied on certain notes and accounts of the company for unpaid premiums, and which taxes were paid under protest. A demurrer to the complaint was sustained in the lower court, and the plaintiff company electing to stand upon its complaint, judgment was entered for the defendant. The opinion states the facts alleged. *Judgment affirmed.*

*Messrs. Moyle, Zane & Costigan,* for appellant.

An unliquidated debt, a mere contingent claim for damages, or an indefinite, uncertain obligation such as the one in question, is not assessable. And this is especially true where the debtor, as in the case at bar, has the power to cancel the obligation without payment by canceling his policy on short rate terms. *Equitable Life Ins. Co* v. *Board of Equalization,* 37 N. W., 141 ; *Lowell* v. *Street Com. of Boston,* 106 Mass., 640 ; *Insurance Co.* v. *Lott,* 54 Ala., 499 ; *People* v. *Fire Ins. Co.,* 76 N. Y., 64.

The tax in question is practically an income tax, for these premiums are a part of the gross earnings of appellant out of which are paid their expenses, return premiums, and damages. The premiums are not only unearned but contingent, and ninety-five per cent of same are not retained by the insurer, the appellant herein.

Assessors might just as well assess a person's salary to be earned, because it will be paid if it is earned; the employer has agreed to pay it and the employee has agreed to perform services therefor. The premium note is returned if either the insured or insurer cancels the policy, and both have the power to do so. Then why

should an insurance company be required to pay taxes on unearned, unpaid premium notes or accounts any more than on rents which will become due in the future but which are not paid or due, or upon a salary which the employer has agreed to pay, and for which the employee has agreed to render service? If the one is taxable, why not the other? *City of Dubuque* v. *North Western Life Ins. Co.*, 29 Iowa, 9 ; Affirmed in *City of Burlington* v. *Putnam Ins. Co.*, 31 Iowa, 102 ; *Equitable Life Ins. Co.* v. *Board of Com.*, 37 N. W. Rep., 141.

The distinction which we wish to make between solvent fixed credits and a mere contingent indebtedness is clearly made in *People* ex rel. *New York & N. J. Telephone Co. Neff* et al., 44 N. Y. Supp., 50.

*Walderman Van Cott, Esq., Graham F. Putnam, Esq.,* and *Ray Van Cott, Esq.,* for respondent.

That the claims, accounts, and premium notes due the plaintiff on account of premiums from persons to whom it has issued policies of insurance are credits within the meaning of our statute and are subject to taxation, see Constitution, Article 13, Sec. 2 ; *Judge* v. *Spencer*, 15 Utah, 242 ; Laws of 1896, 425 ; *Republic Life Ins. Co.* v. *Pollock*, 75 Ill., 292–300 ; *State* v. *Assessors*, 18 So., 462–470 ; *Fire Ins. Co.* v. *County*, 9 Pa. St., 413 ; *Fire Ins. Co.* v. *Cappellar*, 38 O. St., 560 ; *People* v. *Ferguson*, 38 N. Y., 89 ; *People* v. *Davenport*, 91 N. Y., 74 ; *Life Assn.* v. *Hill*, 51 Kan., 636.

That the contingent liability of the plaintiff to pay losses and to return the unearned portion of the premium in case either party to the policy of insurance elects to cancel the policy, is not a *bona fide* debt owing by the plaintiff which it is entitled to deduct from its taxable credits, see Laws of 1896, p. 425 ; *Cappellar* v. *Ins. Co.*,

38 O. St., 560 ; *Kenton Ins. Co.* v. *Covington*, 5 S. W., (Ky.), 461 ; *People* v. *Ferguson*, 38 N. Y., 89, 91 ; *People* v. *Davenport*, 91 N. Y., 574, 582 ; *State* v. *Parker*, 35 N. J. Law, 575 ; *Life Assn.* v. *Hill*, 51 Kan., 636

Baskin, J.

Said plaintiff, during the year 1897, being engaged in the business of fire insurance, had written certain policies of insurance for which it had claims for unearned premiums, consisting of notes and accounts against the insured, to the amount of ten thousand dollars. Said notes and accounts were uncollectable in the event of the insured exercising his option to cancel said insurance; or in the event of loss, by fire, to the property insured, the plaintiff was obligated to pay to the insured such damage, up to the amount for which the same was insured. The assessor of Salt Lake County for the year 1897 assessed said notes and accounts, and in such assessment valued the same at ten thousand dollars.

The plaintiff duly presented the foregoing facts to the Board of Equalization for said county, and "protested against said assessment on said alleged personal property, and demanded that said tax be stricken from the assessment rolls on the ground that the plaintiff was not the owner of such property, that the same was not legally assessable, and that said assessment was illegal and unwarranted, and if said property were assessable, plaintiff should be credited in making said assessment, with its said liabilities incurred on account thereof. That said assessment was illegal, unauthorized, and void."

The Board having refused to grant the demands of the plaintiff, the plaintiff refused to pay the tax on said property, which in amount was $275.00, until the 20th day of November, 1897, when, to prevent a levy and sale of

plaintiff's real property, which the defendant threatened and was about proceeding to make, the plaintiff paid said taxes under protest.    Said plaintiff alleges the foregoing facts in his complaint, and prays judgment for the amount of said taxes, with interest.

The defendant demurred to the complaint on the ground that the facts stated are not sufficient to constitute a cause of action.    The court below sustained the demurrer; the plaintiff rested, and judgment was entered for the defendant.

The only question presented for our decision is whether the demurrer was rightfully sustained.

Plaintiff's counsel claim a reversal on two grounds: 1. That the liability of the insured on said notes and accounts is contingent, and therefore not subject to taxation.    2. That if taxable, the plaintiff, under the provisions of Sec. 2518, Rev. Stat. 1898, is entitled to a deduction of ninety-five per cent. of the face value of said notes and accounts, that percentage having been paid out by plaintiff for losses by fire and on cancellations of policies during the year 1897.

Regarding the first ground, the Constitution, Sec. 2, Art. 13, provides that "All property in the State not exempt under the laws of the United States, or under this Constitution, shall be taxed in proportion to its value, to be ascertained as provided by law.    The word " property," as used in this article, is hereby declared to include moneys, credits, bonds, stocks, franchises, and all matters and things (real, personal, and mixed) capable of private ownership."

These notes and accounts are personal property, owned by the plaintiff, and not being exempt either under the laws of the United States or the Constitution, are subject to taxation.

Sec. 3, Art. 13, of the constitution, provides, "The Legislature shall provide by law a uniform and equal rate of assessment and taxation on all property in the State, according to its value in money, and shall prescribe by general law such regulations as shall secure a just valuation for taxation of all property; so that every person and corporation shall pay a tax in proportion to the value of his, her, or its property."

In pursuance of this authority, the Legislature enacted that "all taxable property must be assessed at its full cash value." Sec. 2506, Rev. Stat. 1898.

Sec. 2516, Rev. Stat. 1898, provides that "The assessor must before the first Monday of May in each year, ascertain the names of all taxable inhabitants, and all property in his county subject to taxation, except such as is required to be assessed by the State board of equalization, and must assess such property to the person by whom it was claimed or owned, or in whose possession or control it was at twelve o'clock m., of the first Monday of February, next preceding, and its value on that date."

Said notes and accounts being personal property belonging to the plaintiff, and not exempt from taxation, it was the duty of the assessor, under the constitution and the provisions of the statutes just quoted, to assess such property at its true value. In the absence of fraud or the exercise of bad faith upon the part of the assessor, his judgment of the value of said property was conclusive, unless changed on the application of the plaintiff, by the Board of Equalization. Application was made by the plaintiff to said Board. They had the authority under Sec. 2576, Rev. Stat. 1898, to correct said assessment, but upon the showing made by plaintiff refused to do so.

It is left to the Legislature, by the constitution, to provide for the assessment and valuation for taxation of all

taxable property in the State. The Legislature has provided the method for doing this, and has also provided a mode of correcting any over-valuation by the assessor. This remedy for the correction of assessments is exclusive and not subject to review by the courts under the facts presented in this case.

The second objection presents a question of greater complexity.

Sec. 2518, Rev. Stat. provides that, "In making up the amount of credits which any person is required to list he will be entitled to deduct from the gross amount of such credits the amount of all *bona fide* debts owing by him."

The plaintiff, under this provision, was entitled to a deduction of all *bona fide* debts owing by him. But, in the case at bar, the plaintiff, at the date of the assessment, was not indebted to the insured. An indebtedness could only arise upon the happening of the contingency on which the liability of the plaintiff depended. The deduction claimed by plaintiff is not such as the constitution and the statute allows. *Insurance Co.* v. *Cappellar*, 38 Ohio St., 561–570; *State* v. *Board of Assessors*, 18 So. Rep., 462; *Illinois Insurance Co.* v. *Pollock*, 75 Ill., 292–300; *The Kansas Mutual Asso.* v. *Hall, Treasurer, etc.*; 51 Kan., 636–649, and cases cited; *The People ex rel. West F. I. Co.* v. *Davenport et al.*, 91 N. Y., 574.

The contingency did not deprive said notes and accounts of their character as personal property, but it materially affected both their intrinsic and marketable value, and in the assessment that fact should be considered. But if the assessor fails to do so, and the Board of Equalization refuses to reduce the assessed valuation, the courts are powerless, in an action like the present one, to grant any relief.

We are of the opinion that the demurrer was properly sustained.

The judgment of the court below is affirmed, with costs.

BARTCH, C. J., and MINER, J., concur.